UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ALVA,<br><br>      Petitioner,<br>vs.<br><br>THE PEOPLE,<br><br>      Respondent. | Case No. SACV 10-0462-GAF(RC)<br><br>OPINION AND ORDER ON A<br>PETITION FOR HABEAS CORPUS<br>AND DENIAL OF CERTIFICATE OF<br>APPEALABILITY |

On April 13, 2010, petitioner Brian Alva, a person proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and sentence in Orange County Superior Court case no. 07WF0032 on the following grounds: (1) "IAC claim" -- "My 1997 conviction for assault with costic [sic] chemicals [P.C. §] 244 was not a strike"; (2) "Intent to cause a collision state of mind[.] What was my intention[?]" -- "My state of mind was not to run my car into another car"; and (3) "Care and custody [P.C. §] 273A" -- "I did not have physical custody when I got into accident. I did not know my son was in the other vehicle[.]" Petition at 5-6.

//
//

**DISCUSSION**

As an initial matter, petitioner, by naming "The People" as respondent, has not named a proper respondent. The petitioner is not currently confined in a state institution,[1] and assuming he "is on probation or parole due to the state judgment he is attacking[,] [t]he named respondents shall be the particular probation or parole officer responsible for supervising the [habeas] applicant, and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." The Advisory Committee Notes to the 1976 Adoption of Rule 2(b). Here, petitioner has not named the proper respondents.

Moreover, the Court is unable to review any of the claims petitioner sets forth in his petition. Specifically, claim (1) is moot and claims (2) and (3) are not cognizable in this proceeding. In conducting habeas review, a federal court is limited to deciding whether a state court decision violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991); Engle v. Isaac, 456 U.S. 107, 119, 102 S. Ct. 1558, 1567, 71 L. Ed. 2d 783 (1982). Federal habeas corpus relief "does not lie for errors of state law[,]" Lewis v. Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); McGuire, 502 U.S. at 67, 112 S. Ct. at 480; see also Dugger v. Adams, 489 U.S. 401, 409, 109 S. Ct. 1211, 1216-17, 103 L. Ed. 2d 435 (1989) ("[T]he availability of a claim under state law does not of itself establish that a claim was

---

[1] The petitioner states: "I just got released from State Prison in September, 2009." Petition at 8.

1  available under the United States Constitution."); Pulley v. Harris,
2  465 U.S. 37, 41, 104 S. Ct. 871, 875, 79 L. Ed. 2d 29 (1984) ("A
3  federal court may not issue the writ [of habeas corpus] on the basis
4  of a perceived error of state law."). Here, claims (2) and (3)
5  neither cite nor refer to any constitutional provision or federal
6  statute; thus, they are not cognizable in this proceeding.

8       Regarding claim (1), which the Court infers refers to ineffective
9  assistance of counsel (assuming *arguendo* that can be considered a
10 constitutional claim without citation to any constitutional
11 provision), "federal courts may not 'give opinions upon moot questions
12 or abstract propositions.'" Calderon v. Moore, 518 U.S. 149, 150, 116
13 S. Ct. 2066, 2067, 135 L. Ed. 2d (1996)(per curiam) (quoting Mills v.
14 Green, 159 U.S. 651, 653, 16 S. Ct. 132, 133, 40
15 L. Ed. 2d 293 (1895)); see also Murphy v. Hunt, 455 U.S. 478, 481, 102
16 S. Ct. 1181, 1183, 71 L. Ed. 2d 353 (1982) (per curiam) ("In general,
17 a case becomes moot when the issues presented are no longer live or
18 the parties lack a legally cognizable interest in the outcome."
19 (citations and internal quotation marks omitted)). A claim in a
20 habeas petition challenging a conviction becomes moot when it is shown
21 that the petitioner has already received all the relief possible from
22 that claim. Sibron v. State of New York, 392 U.S. 40, 57, 88 S. Ct.
23 1889, 1900, 20 L. Ed. 2d 917 (1968); Chacon v. Wood, 36 F.3d 1459,
24 1463 (9th Cir. 1994). Here, the California Court of Appeal, in
25 considering petitioner's habeas petition, found claim (1) to have
26 merit, determined petitioner's trial counsel rendered ineffective
27 assistance at petitioner's sentencing hearing, and remanded
28 petitioner's criminal matter to the trial court for resentencing.

1  See People v. Alva, 2008 WL 4817512, *9 (Cal. App. 4 Dist.)
2  (unpublished opinion) ("[W]e find there was ineffective assistance of
3  counsel.  Further, prejudice to [petitioner] is obvious, as his
4  sentence could have been significantly reduced had trial counsel made
5  the argument to the court that has been made in this habeas petition.
6  It appears the court based its finding of the existence of a prior
7  'serious felony' entirely on [petitioner's] guilty plea, in which he
8  admitted he threw an unspecified 'caustic liquid.'  There is no
9  evidence in the record before us to suggest [petitioner] utilized
10 either acid or a flammable substance in committing his violation of
11 [P.C.] section 244.  We grant [petitioner's] petition for writ of
12 habeas corpus, and remand for resentencing in conformity with this
13 opinion.").  Since the California Court of Appeal afforded petitioner
14 all the relief due him from claim (1), that claim is moot.

16    Rule 4 of the Rules Governing Section 2254 Cases in the United
17 States Courts provides that "[i]f it plainly appears from the face of
18 the petition and any exhibits annexed to it that the petitioner is not
19 entitled to relief in the district court, the judge shall make an
20 order for its summary dismissal. . . ."  28 foll. U.S.C. § 2254,
21 Rule 4.  Here, the habeas petition is defective on its face since it
22 does not name a proper respondent and does not set forth either a
23 cognizable or a non-moot claim; thus, the petition should now be
24 summarily dismissed without prejudice.[2]
25 //

---

[2] Petitioner's motion for appointment of counsel is denied in light of the summary dismissal without prejudice of this action.

4

1 The Court finds an appeal would not be taken in good faith, and
2 that petitioner has not made a substantial showing he has been denied
3 a constitutional right and that this Court was not correct in its
4 procedural rulings, for the reasons set forth herein; accordingly, a
5 certificate of appealability should not issue under 28 U.S.C.
6 § 2253(c)(2) and Fed. R. App. P. 22(b).  <u>Slack v. McDaniel</u>, 529 U.S.
7 473, 483, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000); <u>Mayfield v.
8 Calderon</u>, 229 F.3d 839, 900 (9th Cir. 2000).

**ORDER**

IT IS HEREBY ORDERED that Judgment shall be entered SUMMARILY DISMISSING without prejudice the petition for writ of habeas corpus and action.

IT IS FURTHER ORDERED that a Certificate of Appealablity be DENIED.

DATE: <u>April 22, 2010</u>

_____
GARY A. FEESS
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE:  <u>April 20, 2010</u>

/S/ ROSALYN M. CHAPMAN
    ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&R-MDO\10-0462.mdo
4/20/10